IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RKB HYDROTECH PROFESSIONALS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> ECOZONIX, LLC, <br><br> *Defendant*, <br><br> v. <br><br> BRISBEN WATER SOLUTIONS, LLC, <br><br> *Intervenor-Plaintiff*. | § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 2:21-CV-00427-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff RKB HydroTech Professionals, LLC's ("RKB") Motion for Partial Summary Judgment (the "Motion"). (Dkt. No. 16). Having considered the Motion, the subsequent briefing, and oral argument, the Court finds that the Motion should be **DENIED**.

**I.    BACKGROUND**

On July 17, 2021, RKB filed its Complaint against Defendant Ecozonix, LLC ("Ecozonix") alleging claims of breach of contract, foreclosure of security interests, and attorney's fees. (Dkt. No. 1). The circumstances giving rise to the Complaint arise out of an agreement to lease equipment to perform certain water-treatment jobs in the U.S. energy sector during the ensuing decade. (*Id.* ¶ 7).

Important to this Motion, RKB alleges that on March 17, 2021, it loaned Ecozonix $600k under a Promissory Note executed in Gregg County, Texas (the "Note"). (Dkt. No. 1 ¶ 8; Dkt.

No. 16-1 ¶ 2). RKB alleges that in the Note, Ecozonix agreed that it owed RKB $2,322,674, including the $600k loaned under the Note with a maturity date of April 15, 2021. (Dkt. No. 1 ¶ 9; Dkt. No. 16-1 ¶¶ 2, 4). RKB alleges that the maturity date of April 15, 2021 came and went without any payments by Ecozonix. (Dkt. No. 1 ¶ 11; Dkt. No. 16-1 ¶¶ 4, 6). Accordingly, RKB's Motion seeks a finding in its favor on the breach of contract claim: RKB is owed $2,322,674.00. (Dkt. No. 16 ¶ 1).[1]

## II.    LEGAL STANDARD

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine dispute of a material fact, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

The Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id.* at 567.

---

[1] Not pertinent to this Motion, on May 16, 2022, Intervenor-Plaintiff Brisben Water Solutions LLC ("Brisben") moved to intervene alleging that Ecozonix breached a contract between Brisben and Ecozonix. (Dkt. No. 22 at 2–3). Brisben alleges that the breach occurred when Econonix provided a security interest to RBK in patents owned by Brisben. (*Id.* at 3). That issue, while significant in this case, is not relevant to the Motion.

### III.   DISCUSSION

RKB argues that the Note is a valid and enforceable contract. (Dkt. No. 16 ¶¶ 10–13). RKB argues that it performed its contractual obligations by loaning the additional $600k to Ecozonix. (*Id.* ¶ 14). RKB argues that Ecozonix breached the Note by failing to repay RKB and transfer the security. (*Id.* ¶ 15). RKB argues that Ecozonix judicially admits it received the $600k load from RKB. (Dkt. No. 16-5 ¶ 8).

Ecozonix contends that genuine issues of material fact exist with respect to the formation and authenticity of the Note. (Dkt. No. 20 at 2). Specifically, Ecozonix contends that it did not agree to the version of the Note submitted to the Court or the terms set forth in the exhibits to the Note submitted to the Court. (*Id.*). Ecozonix contends that there is a dispute as to the authenticity of the Note before the Court. (*Id.*). RKB's declarant states that the Note submitted to the Court is a true and correct copy of the Note. (Dkt. No. 16-1 ¶ 2). However, Ecozonix's declarant says it is not a correct copy of the Note. (Dkt. No. 20 at 7; *Id.* at 14–15, ¶¶ 4–5). Therefore, Ecozonix argues, there was no meeting of the minds sufficient to find a valid contract exists.

RKB responds that the exhibits were explicitly referenced and therefore incorporated into the Note under Texas law. (Dkt. No. 26 at 1). RKB also notes that there is no dispute that the first page of the Note Ecozonix agreed to says "Page 1 of 4," indicating there were other pages. (*Id.* at 3).

The Court finds that there are disputes of material fact that prevent summary judgment. The parties have presented competing declarations, Mr. Robert Brenner from RKB (Dkt. No. 16-1) and Mr. Michael Silva from Ecozonix (Dkt. No. 20 at 14–15). Mr. Brenner states that the Note submitted to the Court is a "true and correct copy of the Note" signed by Mr. Silva. (Dkt. No. 16-1 ¶ 2). Mr. Silva disputes this and contends that the Note he signed "consisted of two pages only"

and "there was no Exhibit A or Exhibit B attached to the Note" when it was signed.  (Dkt. No. 20 at 14, ¶ 4).  Mr. Silva states that "the Alleged Note attached to Plaintiff's Motion is not the Note that I signed."  (*Id.* at 15, ¶ 5).  Mr. Silva contends that "the signature page of the Alleged Note appears to have been modified because the page numbers at the bottom of the page were not present in the Note I signed." (*Id.*).  In light of these competing declarations and viewing the evidence in the light most favorable to non-movant Ecozonix, the Court finds that there is a dispute of material fact: whether the Note before the Court is the Note executed by Mr. Silva on behalf of Ecozonix.  It would be inappropriate in this context for the Court to assess the credibility of either Mr. Brenner or Mr. Silva.  Such an assessment is a task reserved for the jury.   *Honore*, 833 F.2d at 567.

RKB argues that notwithstanding the foregoing, summary judgment should be granted in its favor because "Texas case law is clear that when one document is explicitly referred to and incorporated by an agreement, that document is an enforceable part of the agreement." (Dkt. No. 26 ¶ 2) (citing *Boulder Crossroads, LLC v. Nadel Nev., Inc.*, No. 09-10381-CAG, 2012 WL 1066482 (Bankr. W.D. Tex. Mar. 28, 2012)).   The Court finds that this case is distinguishable from *Boulder* and the other cases cited by RKB on this issue.  Those cases analyzed whether additional terms explicitly incorporated by reference, but not attached to the contract, were part of the agreement.  *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 190–91 (Tex. App. 2013) ("The incorporating language in [*Boulder*] made clear that the 'April 2001 Terms and Conditions' were intended to become part of the second agreement.").  As far as the Court can tell from the *Boulder* opinion, the parties in *Boulder* did not dispute the **written words** in the contract.  *See Boulder*, 2012 WL 1066482, at *2.  Instead, the parties disputed the ***legal implication*** of the written words (i.e., whether they were properly incorporating).  *Id.* at *10.  This case, however, is different.  Here, there is a dispute as to the authenticity of the Note as a whole—i.e.,

4

the written words the parties agreed to include in the Note. Such a dispute necessitates the determination of material facts, which is reserved for the jury and precludes entry of summary judgment. *Honore*, 833 F.2d at 567.

IV.  **CONCLUSION**

For the reasons set forth herein, RKB's Motion is **DENIED**.

**So ORDERED and SIGNED this 21st day of July, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE